# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN MCGRATH,<br>    *Petitioner*,<br><br>        v.<br><br>EXECUTIVE DIRECTOR, COURT<br>SUPPORT SERVICES,<br>    *Respondent*. | No. 3:14-cv-15 (JAM) |

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner John McGrath has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I will dismiss the petition on the ground that it was not timely filed within one year of when his state court convictions became final.

### BACKGROUND

On August 9, 2002, McGrath was convicted after a bench trial in the Connecticut Superior Court on multiple counts of sexual assault and risk of injury to a child, and he was sentenced to a total effective sentence of 18 years of imprisonment, suspended after 11 years, and 20 years of probation. His convictions were affirmed by the Connecticut Appellate Court on February 8, 2005, *see State v. John M.*, 87 Conn. App. 301 (2005), and by the Connecticut Supreme Court on March 11, 2008, *see State v. John M.*, 285 Conn. 822 (2008). He did not seek certiorari from the U.S. Supreme Court.

During the pendency of his direct appeal, McGrath filed a *pro se* petition for a new trial on the ground of newly discovered evidence. *See* Docs. #13-6 at 2; #13-7. The trial court denied the petition on August 9, 2007. *See McGrath v. State*, 2007 WL 2429203 (Conn. Super. 2007).

Before the trial court denied him a new trial, McGrath amended his petition to include a claim

for ineffective assistance of trial counsel, which the trial court construed as a petition for a writ

of habeas corpus. *See* Docs. #13-6; #13-8. The state trial court eventually denied the petition on

July 27, 2010. *See McGrath v. State*, 2010 WL 3326820 (Conn. Super. 2010). McGrath did not

file a timely petition for certification to pursue appellate review of this decision. Doc. #13-1 at

10.

   More than two years later, McGrath was released from custody and began his term of

probation on December 28, 2012. Doc. #13-2 at 2. A few months after his release, McGrath filed

a writ of error to the Connecticut Supreme Court on March 14, 2013, to challenge the state

court's denial in 2010 of his habeas petition. Docs. #13-6 at 3; #13-11 at 2. After transfer of the

writ to the Connecticut Appellate Court, the state moved to dismiss the writ on the ground that it

was procedurally improper, because McGrath should have—but did not—file a timely appeal

from the state court's denial of his habeas corpus petition; the state's motion to dismiss was

granted on September 18, 2013. *See* Docs. #13-14 through #13-17.

   On October 8, 2013, McGrath filed a motion in this Court seeking to toll the one-year

statute of limitations for the filing of a federal habeas corpus petition. *See* Doc. #1, *McGrath v.

Exec. Dir. of Court Support Servs.*, No. 3:13-mc-131 (VLB). His motion was assigned to the

docket of my colleague, Judge Vanessa Bryant, who denied the motion on November 3, 2014.

Judge Bryant declined in the first place to construe the tolling motion as a petition for a writ of

habeas corpus because it lacked any statement of a basis for the Court to grant relief. *See* Doc. #2

at 3, *McGrath v. Exec. Dir. of Court Support Servs.*, No. 3:13-mc-131 (VLB) ("this court cannot

construe petitioner's motion as a section 2254 petition, as petitioner fails to describe the claims

he proposes to assert in a future federal habeas petition").

2

Judge Bryant further concluded that McGrath had not timely sought federal habeas corpus relief. McGrath argued before Judge Bryant that the one-year limitations period should be tolled because his wife had been assisting him with his legal filings while he had been incarcerated, and she had misled him into believing that certain legal actions were proceeding when in fact they were not. *Id.* at 1–2. Judge Bryant did not agree that the alleged deception by McGrath's wife would allow for equitable tolling of the one-year limitations period:

> Even assuming that his wife's alleged deception can be considered extraordinary circumstances, petitioner has not demonstrated that he pursued his rights diligently. Petitioner has not shown why he was required to rely on his wife, who was apparently not acting as his attorney, in filing legal actions for him. A great many incarcerated individuals are able to pursue their own habeas petitions pro se. [citation omitted] Even if, hypothetically, petitioner could show that he required his wife's assistance, he has not demonstrated that he was diligent in supervising her. Petitioner may not simply rely on his wife's representations – as he was proceeding pro se, he was himself ultimately responsible for ensuring that his case was filed and proceeding as he wished. By comparison, even those habeas petitioners proceeding with counsel are "[responsible] for overseeing the attorney's conduct or the preparation of the petition." [quoting *Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004)] Petitioner has not shown that he was diligent in overseeing his wife in assisting him, nor has he shown that he was diligent in making certain that his case was filed and being litigated. Petitioner has thus not demonstrated that he is eligible for equitable tolling.

*Id.* at 4–5.

In the meantime, on January 7, 2014, McGrath filed the instant petition for a writ of habeas corpus, and this petition ended up on my docket. *See* Doc. #1. McGrath's federal petition challenges his convictions on multiple grounds, including alleged abuse of judicial discretion by the state trial judge, alleged prosecutorial misconduct, and alleged ineffective assistance of counsel. Predictably enough, respondent has moved to dismiss the petition as untimely. Doc. #13.

DISCUSSION

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal law, however, imposes stringent time limitations for prisoners to seek federal habeas corpus relief. Subject to certain exceptions, federal law requires that a federal petition for habeas corpus relief be filed within one year of a prisoner's state court conviction becoming final. *See* 28 U.S.C. § 2244(d)(1).[1]

A state court conviction becomes "final" for purposes of 28 U.S.C. § 2244(d)(1) at the conclusion of any direct appeal of a conviction—specifically, on the date when the highest court to which a petitioner has sought review has denied relief or, if he has *not* sought such further review, the date when the time for seeking such higher court review has expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). Here, McGrath's conviction became final for purposes of beginning the one-year time limit on approximately June 9, 2008—the date when his time expired on direct appeal for seeking certiorari review from the U.S. Supreme Court following the affirmance on March 11, 2008, of

---

[1] The statute, 28 U.S.C. § 2244(d)(1), provides in full as follows:
A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

his convictions by the Connecticut Supreme Court. *See* U.S. Supreme Court Rule 13.1 (allowing 90 days for filing of petition for certiorari).

Because far more than one year elapsed between the date that McGrath's conviction became final in June 2008 and the date more than five years later when he filed the instant habeas corpus petition in 2014, the central issue here is whether the one-year limitation period was subject to tolling for a sufficient time to render timely the filing of his federal petition. As the federal statute makes clear, the one-year time limit to file a federal habeas corpus petition may be tolled for any period of time that a petitioner has a properly filed and pending collateral challenge to his conviction in the state courts (for example, a state court habeas corpus petition). *See* 28 U.S.C. § 2244(d)(2); *see also Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009).[2]

McGrath filed his state court habeas petition while his direct appeal was pending. Accordingly, the federal statute of limitations was tolled even after his direct appeal was denied until his state habeas petition was ultimately denied on July 27, 2010. But the clock then began running again for more than three years from July 27, 2010, until McGrath filed his federal petition for habeas corpus relief on January 7, 2014.[3]

McGrath argues that the limitations period should have been equitably tolled, because he was misled by his wife about the status of his legal actions while he was incarcerated. The doctrine of equitable tolling allows a court to excuse a party's failure to timely comply with a

---

[2] The statute, 28 U.S.C. § 2244(d)(2), provides in full as follows: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

[3] Because McGrath's filing of his writ of error in the Connecticut Supreme Court in March 2013 amounted to an untimely appeal from the denial of his state habeas corpus petition, this filing did not toll the running of the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (state post-conviction petition that is rejected by state court as untimely does not constitute "properly filed" state court petition within meaning of the tolling provision of 28 U.S.C. § 2244(d)(2)).

legally required filing deadline. Although the "equitable" moniker might suggest that a court has unfettered discretion to decide if a default should be overlooked, it is well established that the invocation of equitable tolling is subject to at least two basic pre-conditions. First, a party must show that extraordinary circumstances stood in his way to prevent timely filing. Second, the defaulting party must show that—notwithstanding the obstacle posed by extraordinary circumstances—he pursued his rights with reasonable diligence throughout the time period that he seeks to have tolled. *See Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016); *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015).

Here, I need not decide whether the alleged deception of McGrath by his wife amounts to "extraordinary circumstances" that may toll the limitations period. *Cf. Dillon v. Conway*, 642 F.3d 358, 364 (2d Cir. 2011) (*per curiam*) (extraordinary circumstances existed because of lawyer's "deeply misleading statement that he would not wait until the last day to file the petition"). Instead, I conclude that McGrath did not pursue his rights with reasonable diligence for at least one year of the more than three years that elapsed between the denial of his state court habeas petition and his filing of this federal habeas corpus petition. First, I agree with the reasons set forth at length by Judge Bryant that McGrath did not take reasonable actions to verify that the filings that his wife had allegedly pursued on his behalf while he was imprisoned had actually been filed.

Second, notwithstanding any deception by his wife while McGrath was imprisoned, the fact remains that more than a year elapsed between McGrath's release in December 2012 and his filing of this federal habeas corpus petition in January 2014. McGrath has not established any impediment to his having filed a federal habeas corpus petition within a year of his release. Instead of filing a proper federal habeas corpus petition, he filed a time-barred writ of error to the

Connecticut Supreme Court in March 2013 and then filed a motion for tolling in this Court in October 2013 that—as Judge Bryant concluded—failed to set forth any grounds for the Court to grant federal habeas corpus relief. By filing time-barred and groundless requests for relief rather than filing a proper federal habeas corpus petition within the first year of his release from imprisonment, McGrath did not exercise reasonable diligence for more than a year during the time period that he seeks to have tolled.

## CONCLUSION

The petition for habeas corpus relief (Doc. #1) is DISMISSED, and respondent's motion to dismiss (Doc. #13) is GRANTED. Because McGrath has not made a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk is directed to enter judgment in favor of respondent and to close this case.

It is so ordered.

Dated at New Haven this 19th day of December 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge